IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| Shonya Hughes | Civil Action No. |
| Plaintiff | |
| v. | |
| Experian Information Solutions, Inc.; and | **JURY TRIAL DEMANDED** |
| Westlake Financial Services | |
| | **COMPLAINT** |
| Defendants | |

## COMPLAINT

NOW comes the Plaintiff, Shonya Hughes (hereinafter the "Plaintiff"), through her Counsel of record to make her allegations known against the Defendants by and through her complaint that alleges the following:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act) for actual, statutory, costs and attorney's fees under 15 U.S.C. §1692 (Federal Fair Debt Collection Act).

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p), 15 U.S.C. §1692k(d), and 28 U.S.C. §1331

3. Venue in this District is appropriate under 28 U.S.C. §1391(b).

## PARTIES

4. Plaintiff is a natural person and a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant, Experian Information Solutions, Inc (hereinafter "Experian") is a For-Profit Incorporation that has a headquarters in the Eastern District of Texas as well as being registered to do business in Texas and with a registered agent in Texas. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. §1681a(f), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. §1681a(d), to third parties. Based on information and belief, Experian is reporting consumer credit files on over one million consumers in the Eastern District of Texas.

6. Defendant, Westlake (hereinafter "Westlake"), is a Foreign for-profit company registered to do business in Texas. Defendant is a "furnisher" of information, as defined by 15 U.S.C §1681s(a)&(b), who regularly and in the ordinary course of business furnishes credit information to the credit reporting agencies about consumer transactions. Defendants are actively conducting business in the Eastern District of Texas.

7. All defendants conduct regular, continuous, systematic and substantial business in the Eastern District of Texas.

## FACTUAL ALLEGATIONS

8. Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

9. Plaintiff's car loan was placed with Westlake as a charge off while she was still making payments. The Westlake account was then sold to Jefferson Capital.

10. Though the account was sold to Jefferson Capital, Westlake is still reporting a balance on Plaintiff's Experian credit report.

11. The account is reporting a balance of $8,946. Experian should be reporting the balance of the Westlake account as a balance of $0.

12. After Plaintiff discovered these mistakes, she disputed the inaccurate account multiple times by mail. Although Plaintiff disputed the inaccurate account, Experian continued to report the inaccurate and negative Westlake account on Plaintiff's Experian credit report.

13. Experian and Westlake reported inaccurate credit information on Plaintiff's credit file and credit report. The information that the Defendants are reporting on Plaintiff's credit file/report is inaccurate and derogatory.

**As to Experian and Westlake Financial Services credit reporting**

14. Experian and Westlake maintained and reported inaccurate credit information about Plaintiff that was reported by Experian on Plaintiff's credit file/credit report.

15. Experian and Westlake reported an account on Plaintiff's credit report that was sold. Because the Westlake account was sold to Jefferson Capital, the Westlake account should be reporting with a balance of $0.

16. The inaccurate and derogatory account is reporting that the account balance was $8,946 as of 05/13/2021, yet the account is also being reported as "Sold to JEFFERSON CAPITAL" on Plaintiff's Experian credit report.

17. Not only are Experian and Westlake reporting an inaccurate account that should not have a balance, but the information they are reporting is derogatory.

18. Experian and Westlake are reporting the "Status" of the inaccurate and derogatory Westlake account as "Account charged off. $12,726 written off.  $8,946 past due as of May 2021."

19. A charged off account is considered highly derogatory and has a negative effect on a consumer's credit score, creditworthiness, and credit reputation.

20. Experian and Westlake are inaccurately reporting that Plaintiff still owes a debt that does not belong to Westlake. Experian and Westlake are reporting the "Recent Balance $8,946 as of 05/13/2021." Reporting that Plaintiff has a past due balance of $8,946 suggests that Plaintiff owes this amount on the Westlake account. The Westlake account was sold to Jefferson Capital, and therefore, the Westlake account balance should be $0. Inaccurately reporting that Plaintiff owes such a high balance negatively affects Plaintiff's credit because this amount is used and is applied to Plaintiff's income to debt ratio, as well as to her credit usage.

21. The inaccurate information that Experian and Westlake are maintaining in Plaintiff's credit file and reporting on Plaintiff's Experian credit report is severely damaging to Plaintiff.

22. Plaintiff's Experian report is so inaccurate that it directly contradicts itself. Even though Plaintiff's credit report states her account with Westlake was sold, Experian continues to report the account with a balance, which negatively impacts Plaintiff's credit availability and credit history.

## CAUSES OF ACTION

23. Plaintiff incorporates by reference the foregoing paragraphs and footnotes as though the same were set forth at length herein.

24. This suit is based upon the Defendants violations of the Fair Credit Reporting Act. All causes of action were the proximate, substantial factor, and/or producing cause(s) of damages which Plaintiff has suffered.

**COUNT I-VIOLATION OF THE FAIR CREDIT REPORTING ACT**

25. Plaintiff incorporates by reference the foregoing paragraphs as though the same were set forth at length herein.

26. This suit is brought against all Defendants as the damages making the basis of this suit were proximately caused by their violations of the FCRA. In all instances of violating the FCRA, Defendant' conduct was willful, intentional, reckless, and/or negligent. Under, 15 U.S.C. §1681n and §1681o, Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorneys' fees.

15 U.S.C. §1681n, "Civil Liability for willful noncompliance" reads:

> (a) Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of
> (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000
> (2) such amount of punitive damages as the court may allow; and
> (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorneys fees as determined by the court.

And, 15 U.S.C. §1681o, "Civil Liability for negligent noncompliance" reads:

> (a) Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:
>
> (1) any actual damages sustained by the consumer as a result of the failure; and
> (2) in the case of any successful action to enforce any liability under this section, the costs of the action with reasonable attorney's fees as determined by the court.

### *Experian's FCRA Violations*

27. Experian violated their duty under 15 U.S.C. §1681i(a)(1)(A) by failing conduct a reasonable and good faith investigation into Plaintiff's notice of dispute. Based on the facts, information and allegations within the complaint, Experian willfully, intentionally, recklessly, and/or negligently violated this section of the FCRA.

28. Experian violated their duty under 15 U.S.C. §1681i(a)(4) by failing to review and consider the documents that Plaintiff attached to the dispute letter. Based on the facts, information and allegations within the complaint, Experian willfully, intentionally, recklessly, and/or negligently violated this section of the FCRA.

29. Experian violated their duty under 15 U.S.C. §1681i(a)(5) by failing to delete or correct the inaccurate information that was disputed. Based on the facts, information and allegations within the complaint, Experian willfully, intentionally, recklessly, and/or negligently violated this section of the FCRA.

30. Experian violated 15 U.S.C. §1681e(b) when they failed to follow reasonable procedures to assure maximum accuracy of the information, they reported on Plaintiff's credit reports. Based on the facts, information and allegations within the complaint, Experian willfully, intentionally, recklessly, and/or negligently violated this section of the FCRA.

31. Experian's credit report is full of information that is not only inaccurate, but the information also contradicts itself. Experian's credit report states that Plaintiff's account was sold, but the account is still being reported with a balance of $8,946.

32. Not only were Experian's errors so visibly noticeable that Experian should have been able to determine that there were major problems with the file by simply looking at the account, but Plaintiff disputed the Westlake account multiple times. These disputes repeatedly provided Experian with notice that the account was reporting inaccurately, and Experian still did not correct

or delete the inaccurate and derogatory account from Plaintiff's credit file or report. Experian's procedures are so flawed that it could not assure maximum accuracy even when Plaintiff specifically pointed the problems out to Experian.

33. Experian was notified and made aware of the specific issues in Plaintiff's Experian report from the multiple disputes submitted by Plaintiff. Experian knew that the account was sold, yet it still reported a balance on the Westlake account. It should have been easy for Experian to determine that its reporting of the account was highly inaccurate. If Experian had conducted a reasonable and good faith investigation into Plaintiff's multiple disputes, it would have deleted the inaccurate account.

34. The section entitled "Procedure in case of disputed accuracy" under 15 U.S.C. §1681i(a)(1)(A) reads:

> (a) Reinvestigations in case disputed information
>
> (1) Reinvestigation required
>
>> (A) In general-- Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

And;

The section under 15 U.S.C. §1681i(a)(4) reads:

>> (4) Consideration of consumer information. In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.

And;

The section under 15 U.S.C. §1681i(a)(5) reads:

> (5) Treatment of Inaccurate or Unverifiable Information
>
> (A)*In general*. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-
>
> > (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and
> >
> > (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

And;

The section under 15 U.S.C. §1681e(b) reads as follows:

> (a)  Accuracy of the Report
>
> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures as assure maximum possible Accuracy of the information concerning the individual about whom the report relates.

### *Westlake Financial Services' FCRA Violations*

35. Defendant Westlake violated its duty under 15 U.S.C. §1681s-2(b) to conduct a reasonable and good faith investigation into Plaintiff's notice through a dispute package and failing to delete or correct the inaccurate information.

36. Based on the facts, information and allegations within this complaint, Westlake willfully, intentionally, recklessly, and/or negligently violated 15 U.S.C. §1681s-2(b) of the FCRA.

15 U.S.C. §1681s-2(b) reads as follows:

### (b) DUTIES OF FURNISHERS OF INFORMATION UPON NOTICE OF DISPUTE

### (1) IN GENERAL

After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--

**(A)** conduct an investigation with respect to the disputed information;

**(B)** review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

**(C)** report the results of the investigation to the consumer reporting agency;

**(D)** If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

**(E)** if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

    **(i)** modify that item of information;
    **(ii)** delete that item of information; or
    **(iii)** permanently block the reporting of that item of information.

(2)   **DEADLINE**
A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 1681i(a)(1) of this title within which the consumer reporting agency is required to complete actions required by that section regarding that information.

37. On information and belief, Experian notified Westlake of Plaintiff's multiple disputes. At the time that a Credit Reporting Agency such as Experian notifies a data furnisher such as Westlake of the dispute, it is the policy of and procedure of credit reporting agencies such as Experian to send an ACDV, as well as all other documents that they received from the consumer,

along with the ACDV. It is on information and belief that Westlake received an ACDV, as well as Plaintiff's dispute letter from Experian.

38. After receiving a dispute notice from Experian, Westlake did not conduct a good faith, complete, accurate, or reasonable investigation into the disputed account. Not only did Plaintiff's disputes inform Westlake that the account was reporting inaccurately, but Westlake should have discovered that a sold account should not have a reported balance.

39. Despite the overwhelming evidence, Westlake verified the account as accurate and instructed Experian to continue to report the inaccurate and derogatory account on Plaintiff's credit file/credit report.

40. Westlake had all the information it needed to conduct a reasonable investigation of Plaintiff's dispute; it should have been easy for Westlake to discover that the account information it was providing to Experian was inaccurate.

41. Westlake did not conduct a reasonable investigation into Plaintiff's dispute, and they did not correct or request deletion of the account from Plaintiff's Experian credit file/credit report.

## DEMAND FOR JURY TRIAL

42. Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor against Experian and Westlake Financial Services based on the following requested relief:

a. Actual and compensatory damages pursuant to 15 U.S.C. §1681;

b. Statutory damages pursuant to 15 U.S.C. §1681;

c. Punitive damages pursuant to 15 U.S.C. §1681;

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o;

e. Such other and further relief as may be necessary, just and proper.

Dated: September 1, 2023

Respectfully Submitted,

/s/Jonathan Raburn
Jonathan Raburn
ATTORNEY FOR PLAINTIFF
Louisiana Bar Roll No. 28728
McCarty & Raburn, A Consumer Law Firm, PLLC
2931 Ridge Rd, Suite 101 #504
Rockwall, TX 75032
jraburn@mccartyraburn.com
Telephone: 225-412-2777

/s/Kyle Kaufman
Kyle Kaufman
ATTORNEY FOR PLAINTIFF
Louisiana Bar Roll No. 39232
McCarty & Raburn, A Consumer Law Firm, PLLC
2931 Ridge Rd, Suite 101 #504
Rockwall, TX 75032
kkaufman@mccartyraburn.com
Telephone: 225-412-2777

/s/Dennis McCarty
Dennis McCarty
ATTORNEY FOR PLAINTIFF
Mississippi Bar No. 102733
Supreme Court of the United States Bar No. 302174
Federal Bar No. 993800
2931 Ridge Rd.
Suite 101 #504
Rockwall, TX 75032
Telephone: 214-296-9240
dennismccartylaw@gmail.com